[Civ. No. 7152. First Appellate District, Division One.—September 25, 1930.]

HUGH HOGAN, Appellant, v. NEIGHBOR'S LUMBER YARD, INC. (a Corporation), Respondent.

Harvey S. Craig for Appellant.

K. C. Partridge and William S. Wells for Respondent.

LUCAS, J., *pro tem.*—This appeal is taken from a judgment in favor of the defendants in the court below in an action brought therein by appellant upon an alleged contract in writing said to have been made expressly for his benefit by respondent Neighbor's Lumber Yard, Inc., with defendant J. E. Neighbor and one Sherman Kemp, Sr. The complaint alleged:

"That on the 26th day of April, 1926, defendant Neighbor's Lumber Yard, Inc., a corporation (respondent herein), for a valuable consideration, agreed in writing with defendant J. E. Neighbor and one Sherman Kemp, Sr., to assume liability for and to pay the indebtedness of said defendant J. E. Neighbor, and the said Sherman Kemp, Sr., to this plaintiff (appellant herein), and agreed to release and discharge the said defendant J. E. Neighbor and the said Sherman Kemp, Sr., from any and all liability for or on account of said indebtedness to this plaintiff (appellant), and expressly agreed to assume the responsibility for and to pay their liability to this plaintiff (appellant)."

The trial court found that none of these allegations was true. If these findings are supported by the evidence the appeal is without merit.

Since it is undisputed that the defendant J. E. Neighbor, who at the time was secretary of Neighbor's Lumber Yard, Inc., actually signed the corporate name to the instrument sued upon, the question as to whether or not the court's findings are supported by the evidence becomes in a measure a question of law as well as of fact.

The situation of the parties prior to the date of the alleged agreement (April 26, 1926) was substantially this: Defendant J. E. Neighbor and Sherman Kemp, Sr., were the owners of certain pieces of improved real property situate in Alameda County upon which there were existing first and second deeds of trust. The second deeds of trust had been assigned to the appellant Hugh Hogan, but the assignment did not relieve the said Neighbor and the said Kemp, Sr., from personal liability in the event of a deficiency judgment after default and sale. In addition to the indebtedness secured by the deeds of trust Neighbor and Kemp, Sr., were also indebted to the respondent Neighbor's Lumber Yard, Inc., in a considerable sum of money, and were indebted in lesser sums to others for materials furnished for use on said real property.

Neighbor's Lumber Yard, Inc., was a corporation, the capital stock of which was held as follows: Moore Mill & Lumber Company, 466 shares; Carl R. Moore, 15 shares; J. E. Neighbor (above mentioned), 18 shares; George W. Moore, 1 share. The said J. E. Neighbor was, at the time of the execution of the document under consideration, the secretary of the corporation, but the record does not disclose who constituted the board of directors. Since, however, there were but four stockholders, one of which was a corporation, it may be assumed that if the corporation was existent at all its board of directors would consist of the other three stockholders. At all times Eugene K. Sturgis was the attorney for said respondent Neighbor's Lumber Yard, Inc., and also for J. E. Neighbor and Sherman Kemp, Sr., individually.

Prior to April 26, 1926, a meeting was held in the office of Mr. Sturgis, at which meeting three witnesses testified there were present the said Sturgis, George W. Moore, Carl

R. Moore and J. E. Neighbor. George W. Moore, however, testified that Carl R. Moore was not present at this meeting. There is no showing that the meeting was a meeting of the board of directors of the Neighbor's Lumber Yard, Inc., as such, pursuant to call or otherwise. No minutes of the meeting were introduced in evidence, and no formal resolution was passed. A discussion of the affairs of the said J. E. Neighbor and of Sherman Kemp, Sr., and of the affairs of the Neighbor's Lumber Yard, Inc., was had. As to exactly what transpired at this meeting there is some confusion in the record.

Schedules of the assets and liabilities of the said Neighbor and Kemp, Sr., were presented and considered. Neighbor testified that at the meeting the substance of the conversation was to the effect that for the purpose of protecting the respondent corporation he and Kemp, Sr., should turn over to it all their assets, and that the corporation should assume their obligations, and that there was discussion about the corporation relieving him and Kemp, Sr., of their personal liability under the deeds of trust. Sturgis testified that while there was a general discussion as to the liabilities of Neighbor and Kemp, Sr., and as to the amounts of the first and second deeds of trust against their several pieces of real property, there was no discussion on the question of Neighbor's Lumber Yard, Inc., becoming a guarantor on the notes secured thereby, or as to its assuming the personal liability under said notes and deeds of trust of Neighbor and Kemp, Sr. George W. Moore testified that there was nothing said about the corporation assuming the personal liabilities of Neighbor and Kemp, Sr., and that at the time he "never dreamed" they had guaranteed the payment of the said notes.

For the purpose of ascertaining whether there is sufficient evidence in the record to support the court's findings, it will be assumed that the trial court accepted the statement of George W. Moore as being true.

Thereafter the said Sturgis prepared the agreement sued upon, bearing date April 26, 1926, by the terms of which the said Neighbor and the said Kemp, Sr., agreed to convey to Neighbor's Lumber Yard, Inc., their assets according to schedule attached, and the corporation agreed "to assume liability for all of the liabilities" of Neighbor and Kemp

according to the schedule attached, including the notes secured ·by the trust deeds. This agreement was signed by J. E. Neighbor and Sherman Kemp, Sr., as parties of the first part, and was also signed ''Neighbor's Lumber Yard, a corporation, by J. E..Neighbor, party of the second part''. Thereafter the said Neighbor and the said Kemp, Sr., deeded the pieces of real property set forth in the schedule of assets to the respondent corporation, and said respondent paid some of the liabilities set forth in the schedule of liabilities. The said respondent also collected the rents of said properties, paid insurance, taxes and interest on the first and second deeds of trust, and collected certain refunds from appellant on said real properties. Upon the eventual default in the payment of the moneys secured by the deeds of trust held by appellant, foreclosure proceedings were had, which resulted in a deficiency judgment in favor of appellant herein in the sum of $9,071.70, together with interest, for which amount a judgment was rendered in favor of this appellant against the said Neighbor and the said Kemp, Sr. This judgment remaining unpaid, the present action was brought by appellant against the respondent corporation under the terms of said agreement of April 26, 1926. The two Moores and the said J. E. Neighbor were also joined as parties defendant, being stockholders in said corporation.

Under this statement of fact it can hardly be said that the said Neighbor, under proper authority, duly executed the agreement of April 26, 1926, for and on behalf of the respondent corporation. The evidence is such as to warrant the trial court in holding that in signing the corporate name to the agreement Neighbor was neither authorized by the board of directors so to do nor was he even authorized by a majority of the individual members of the board of directors orally so to do.

If, on the other hand, he merely acted on his own motion as secretary of the corporation he had no inherent power as such to bind the corporation, and, according to the evidence, no general authority so to do.

Since the agreement cannot be said to have been legally executed for and on behalf of the corporation, it is unnecessary to discuss the further objection raised to it that the said Neighbor, while acting in a fiduciary capacity for the corporation, had no right to deal with himself individually.

█ The only other argument made in behalf of the validity of the agreement and its binding effect upon the corporation is that by accepting certain benefits arising under the agreement and by undertaking to fulfill certain of the obligations imposed upon it thereby, the corporation may be said to have ratified the act of its secretary in signing the agreement. The alleged acts of ratification, however, are all consistent with the testimony of defendant George W. Moore that the corporation in taking over the assets of Neighbor and Kemp, Sr., and assuming certain scheduled liabilities, took the real property in question subject only to the trust deeds, and that it was neither intended nor agreed that the corporation was to be burdened with the personal liabilities thereunder of the said Neighbor and the said Kemp, Sr.

█ In this regard it may also be said that in order that there can be a ratification by a corporation of the acts of its officers or agents it is absolutely necessary that the corporation have knowledge of the acts ratified. Without knowledge or notice there can be no ratification. (*Pacific Vinegar etc. Works* v. *Smith*, 145 Cal., at 356 [104 Am. St. Rep. 42, 78 Pac. 550]; 6 Cal. Jur., pp. 1120–1222, par. 490.)

The uncontradicted testimony shows that George W. Moore, one of the four stockholders, did not know of the existence of such an agreement until May, 1928, at a time when there was some talk of appellant suing the corporation on account of its alleged liability. Furthermore, there is no evidence in the record to show that any member or officer of the corporation other than J. E. Neighbor himself had any knowledge of the fact that Neighbor and Kemp, Sr., were at any time personally liable for the payment of the notes in question.

For the foregoing reasons, we believe under the state of the record and the law, the trial court was fully justified in finding as it did—that the respondent corporation never expressly agreed to assume liability for or to pay the indebtedness of said Neighbor or of said Kemp, Sr., to appellant.

The judgment appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.